DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELLIOT YARO,**
Appellant,

v.

**SCOTT J. ISRAEL,** in his official capacity as
Sheriff of Broward County,
Appellee.

No. 4D17-928

[April 4, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE15-001267 (08).

G. Ware Cornell, Jr. of Cornell & Associates, P.A., Weston, for appellant.

Carmen Rodriguez of the Law Offices of Carmen Rodriguez, P.A., Palmetto Bay, for appellee.

**ON MOTION FOR REHEARING**

WARNER, J.

The motion for rehearing is granted, and the prior opinion is vacated. The following opinion is substituted in its place.

Appellant sued the Broward County Sheriff for disability and age discrimination after he was demoted from his position as a child protective investigator with the Sheriff's office. The trial court granted summary judgment in favor of the sheriff on both claims. We affirm the judgment in its entirety.

As to the disability discrimination claim, the trial court correctly disposed of this based upon the contradiction in appellant's deposition of the material allegations of his complaint. As to the claim of age discrimination, we affirm based on *Hazen Paper Company v. Biggins*, 507 U.S. 604, 611 (1993), where the Supreme Court found that termination of an employee to prevent his pension benefits from vesting did not violate

the ADEA because it was not related to age, but to his pension status; actions under the ADEA must be based on age discrimination, not solely on a motivating factor that is only correlated with age). *See Broaddus v. Fla. Power Corp.*, 145 F.3d 1283, 1287 (11th Cir. 1998) ("The ADEA does not prohibit an employer from making an employment decision on the basis of higher salaries, increased benefits, pension status, or claims for medical expenses even though these characteristics are often correlated with an employee's age."). Here, based upon appellant's own testimony, a major in the department told him that he was being demoted to use his higher salary to employ more investigators. Thus, while his higher salary may be correlated to age, age was not the reason for his demotion. Appellant made his claims under the Florida Civil Rights Act, but we apply federal case law interpreting the ADEA to cases arising under the FCRA. *See City of Hollywood v. Hogan*, 986 So. 2d 634, 641 (Fla. 4th DCA 2008).

*Affirmed.*

TAYLOR and DAMOORGIAN, JJ., concur.